IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALMA JEAN ROBINSON, :
:
    Plaintiff, :
:
vs. : CIVIL ACTION 13-0449-CG-M
:
CAROLYN W. COLVIN, :
Commission of Social Security, :
:
    Defendant. :

REPORT AND RECOMMENDATION

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of a social security ruling that denied her claim for increased disability insurance benefits (Docs. 1, 21, 23). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was heard on August 25, 2014; Plaintiff appeared *pro se*. After considering the administrative record, the Parties' submissions, and oral argument, it is recommended that the decision of the Commissioner be affirmed, that this action be dismissed, and that judgment be entered in favor of Defendant Carolyn W. Colvin and against Plaintiff Alma Jean Robinson.

The Court cannot reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983);

1

its judgment, though, must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Robinson was found disabled as of June 15, 1972 and began receiving benefits in January 1973; entitlement to those benefits ended in December 2000 (*see* Tr. 11). Plaintiff filed a new claim and was found disabled as of February 1, 2002 (*id.*). On August 29, 2006, at Robinson's request, the Social Security Administration (hereinafter *SSA*) recalculated her monthly benefits to consider earnings accruing from 1999 through 2002; the SSA determined that she was receiving "the highest possible amount based on how much [she had] earned" (Tr. 14; *see* Tr. 14-15). On September 20, 2007, following a hearing, an Administrative Law Judge (ALJ) affirmed the administrative decision (Tr. 19-21). The Appeals Council, however, held that the benefits calculation was not sufficiently detailed to explain it; the action was remanded back to the SSA (Tr. 44-45).

On August 3, 2011, the SSA issued a new decision,

2

explaining in detail how it had determined her monthly benefit amount; though it included earnings reported in 2007 and 2008 not previously considered, the SSA again determined that Robinson was receiving all benefits available to her (Tr. 51-58). Following another hearing, an ALJ affirmed that decision (Tr. 11-13). The Appeals Council denied Plaintiff's request to review the decision (Tr. 3-5, 7).

Plaintiff comes before this Court, claiming that the opinion of the ALJ is not supported by substantial evidence. Robinson alleges that she is entitled to increased benefits because: (1) She has earned additional work credits since she was first found disabled; (2) the ALJ did not consider five years' of earnings—earned since she first received benefits—in reviewing her claim; and (3) she has developed additional medical problems since being found disabled (Doc. 1, 21, 23; *cf.* Doc. 27). Defendant has responded to—and denies—these claims (Doc. 27).

Plaintiff's first two claims are that she has earned five additional years' of work credits and earnings since she was first found disabled. As these claims are related, the Court will address them together.

The Court notes that the SSA decision, issued on August 3,

3

2011, lists Plaintiff's earnings from 1963 through 2008, including the five years (2000, 2001, 2002, 2007, 2008) that concern her (Tr. 54-55; *see generally* Tr. 51-58).  In that decision, the SSA explained the formula used for determining Robinson's benefits and performed the calculation (Tr. 53-56). Next, the SSA explained the formula for determining her monthly benefit amount without considering her previously-received-benefits; it then determined what amount that would be (Tr. 56-57).  Finally, the SSA found that because the first formula resulted in a higher monthly benefit, that was the amount that Robinson was, by law, to receive (Tr. 57).

In the December 21, 2011 decision, the ALJ specifically noted the amounts earned by Robinson in 2000-02 and 2007-08 and found that SSA records properly reported those earnings (Tr. 12; *see generally* Tr. 11-13).  Though the ALJ did not restate the calculations performed by the SSA in its August 3, 2011 determination, the ALJ summarized its conclusions and found that Plaintiff was receiving the maximum amount of benefits allowed (Tr. 12).  The ALJ then volunteered the following statement:

> Since the claimant did return to work, it is understandable that she might believe that her benefit amount should increase to reflect her additional earnings.  However, the new formula is simply less generous than

4

> the formula under which her previous
> benefits were calculated, and her primary
> insurance amount would actually be lower
> than what she was receiving previously if
> the [Disability Insurance Benefits]
> guarantee were not in effect.

(Tr. 12).

The Court has reviewed the SSA determination and the ALJ's decision and finds no error. Robinson is receiving all benefits available to her. Her claims otherwise are without merit.

Plaintiff also claims that she has developed additional medical problems since being found disabled for which she seeks additional benefits.

The Court agrees with the Government's statement that "[t]here is no provision [] that would grant Plaintiff more money in disability payments because she now has both a mental impairment and a physical impairment" (Doc. 27, p. 8). Respondent has also pointed to the following regulation:

> In determining whether your physical or
> mental impairment or impairments are of a
> sufficient medical severity that such
> impairment or impairments could be the basis
> of eligibility under the law, we will
> consider the combined effect of all of your
> impairments without regard to whether any
> such impairment, if considered separately,
> would be of sufficient severity. If we do
> find a medically severe combination of
> impairments, the combined impact of the

> impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. § 404.1523 (2014). This regulation does not state that multiple impairments do not result in greater benefits to a claimant. The Court has found no such statement of law anywhere. However, Robinson has not pointed to anything that suggests that she should get increased benefits because of her additional medical impairments. This claim is without merit.

Plaintiff has raised three claims in bringing this action. All are without merit. After considering entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is recommended that the Secretary's decision be affirmed, see *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), that this action be dismissed, and that judgment be entered in favor of Defendant Carolyn W. Colvin and against Plaintiff Alma Jean Robinson on all claims.

DONE this 29th day of August, 2014.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE